UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRIDGEPOINTE INN & SUITES, LLC<br>2600 Lauren Lane<br>Northwood, Ohio 43619<br><br>              Plaintiff<br><br>    vs.<br><br>AMGUARD INSURANCE COMPANY<br>16 South River Street<br>Wilkes-Barre, PA 18702-2430<br><br>              Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT FOR DECLARATORY AND OTHER RELIEF**<br><br>(With Jury Demand) |

**THE PARTIES**

1. Plaintiff Bridgepointe Inn & Suites, LLC ("Bridgepointe") is a limited liability corporation that is incorporated in Ohio and has its principle place of business in Ohio.

2. Defendant AmGuard Insurance Company ("AmGuard") is a corporation that is incorporated in Pennsylvania and has its principle place of business in Pennsylvania. AmGuard is in the business of providing insurance products to consumers.

**JURISDICTION AND VENUE**

3. Bridgepointe is a citizen of Ohio and AmGuard is a citizen of Pennsylvania. This a dispute between citizens of different states making jurisdiction proper under 28 U.S.C. §1332(a). The amount in controversy exceeds $75,000, exclusive of costs, attorney fees, and interest.

4. Venue is proper in the Northern District of Ohio under 28 U.S.C. §1391 since AmGuard is licensed to sell insurance in the entire state of Ohio, Bridgepointe's principle place of business is in Wood County, Ohio, and the loss in question occurred in Wood County, Ohio.

## GENERAL ALLEGATIONS

5.  Bridgepointe owns a hotel located at 2600 Lauren Lane, Toledo, Ohio ("the Hotel").

6.  AmGuard insured the Hotel under policy number BRBP277879, policy period May 4, 2021 to May 4, 2022 ("the Policy"). The declaration pages of the Policy are attached as Exhibit 1.

7.  The Policy promises to pay Bridgepointe for direct physical loss of or damage to the Hotel caused by or resulting from any Covered Cause of Loss. Covered Causes of loss are defined as all risks of physical loss unless the loss is excluded or limited by the Policy terms. This type of policy is known as an "all risk" or "open perils" policy since it covers all risks of physical loss or damage to covered property unless such loss is specifically excluded or limited in the policy; as opposed to a "specified perils" policy that only covers risks of physical loss to covered property that are specifically listed in the policy, i.e., fire, wind, hail, etc.

8.  The Policy also provides Additional Coverages that are relevant to this claim, including, among others, Debris Removal, Preservation of Property, Water Damage, Other Liquids, Powder or Molten Material Damage, Business Income, Extra Expense, and Increased Cost of Construction.

9.  On or about December 9, 2021, while the Policy was in force, the Hotel sustained direct physical loss or damage ("the Loss").

10. Bridgepointe submitted a claim to AmGuard for direct physical loss or damage to the Hotel caused during the Loss. AmGuard denied the claim in a letter dated June 22, 2022 that is attached as Exhibit 2.

11. The Policy states:

**Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

12. Bridgepointe demanded appraisal of the amount of Loss before filing this lawsuit.

## FIRST CAUSE OF ACTION
### (Request for Declaratory Relief)

13. Bridgepointe incorporates by reference all the allegations set forth above.

14. Bridgepointe has a written contract with AmGuard.

15. The parties have a dispute as to the proper interpretation of the Policy. Pursuant to Federal Civil Rule 57 and 28 U.S.C. §2201, Bridgepointe is entitled to a declaratory judgment from this Court construing the terms, exclusions, limitations, and conditions contained in the Policy and any other relevant insurance documents.

16. Bridgepointe is entitled to declaratory relief that (1) the Loss at the Hotel was covered by the Policy; (2) AmGuard has not and cannot prove the application of any exclusion or limitation; (3) under Ohio law, the Hotel was undergoing "renovation" at the time of the Loss; (4) Bridgepointe is entitled to coverage for certain Additional Coverages; (5) the parties must resolve their differences, if any, over the amount of the Loss according to the Appraisal

condition contained in the Policy; (6) the proper construction and scope of the Appraisal condition encompasses causation; and (7) any other issue that may arise during the course of litigation that is a proper issue on which to grant declaratory relief.

17. Bridgepointe also prays for declaratory relief from the Court in naming an umpire if the parties cannot agree.

18. Bridgepointe prays for any further relief the Court deems proper, including attorney fees, interest, and costs as allowed by law or in the exercise of the Court's equitable jurisdiction.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

19. Bridgepointe incorporates by reference the allegations set forth above.

20. Bridgepointe had a contract with AmGuard on the day the loss occurred.

21. AmGuard breached the insurance contract by failing to pay to Bridgepointe the amount due under the insurance policy.

22. As a direct and proximate result of AmGuard's breach of the insurance contract, Bridgepointe has been denied the policy benefits due it under the contract. As a further direct and proximate result of AmGuard's breach of the insurance contract, Bridgepointe has suffered other reasonably contemplated damages.

23. Bridgepointe prays for judgment on this count against AmGuard in an amount in excess of $25,000, with the amount of loss to be determined via Appraisal as previously demanded, and any further contractual damages to be decided by a jury.

## THIRD CAUSE OF ACTION
### (Lack of Good Faith)

24. Bridgepointe incorporates by reference the allegations set forth above.

25. In adjusting Bridgepointe's claim, AmGuard, through its agents, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith in asserting that the damage to Bridgepointe's property was not a covered loss. Among other actions, AmGuard:

- failed to conduct a full and fair investigation of the claim;
- failed to fully and fairly investigate whether, at the time of the Loss, the Hotel was vacant and had been vacant for more than 60 consecutive days before the loss occurred;
- failed to fully and fairly investigate whether, at the time of the Loss, the Hotel was vacant as that term is defined in the Policy;
- misquoted, to AmGuard's benefit and Bridgepointe's detriment, the vacancy exclusion that AmGuard used to justify its denial, leaving out section 8.a.(2) – "Buildings under construction or renovation are not considered vacant";
- failed to seek or obtain any legal advice on what constitutes "renovation" of a building under Ohio law;
- failed to consider what constitutes "renovation" of a building under Ohio law; and
- misconstrued the Policy to its own benefit and to Bridgepointe's detriment.

26. AmGuard, through its agents, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay the Bridgepointe's claim and delaying payment of the full amount of the loss.

27. The actions and omissions of AmGuard demonstrate malice, aggravated or egregious fraud, oppression, or insult and AmGuard, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

28. As a direct and proximate result of the AmGuard's lack of good faith, Bridgepointe suffered damage, including economic harm, and has incurred litigation expenses and attorney's fees.

29. Bridgepointe prays for judgment on this count in an amount in excess of $25,000 in compensatory damages and an amount in excess of $25,000 in punitive damages, the exact amount to be determined by the trier of fact, plus interest, costs, and attorney's fees as allowed by law.

WHEREFORE, Bridgepointe seeks judgment against AmGuard Insurance Company as set forth above, plus interest, costs, and attorney fees as allowed by law.

Respectfully submitted,

*/s/ Robert A. Rutter*
Robert A. Rutter (0081503)
Robert P. Rutter (0021907)
RUTTER & RUSSIN, LLC
4700 Rockside Road, Suite 650
Cleveland, Ohio 44131
(216) 642-1425
bobbyrutter@OhioInsuranceLawyer.com
brutter@OhioInsuranceLawyer.com